PARK & TILFORD IMPORT CORPORATION, PLAINTIFF-RESPONDENT, v. VAUX HALL LIQUORS, LTD., DEFENDANT-APPELLANT.

Argued October 5, 1943—Decided November 1, 1943.

Before Justices CASE, DONGES and PORTER.

For the defendant-appellant, *Herbert Klosk* and *Thomas F. Meehan.*

For the plaintiff-respondent, *Simon M. Seley.*

The opinion of the court was delivered by

DONGES, J. Plaintiff-respondent had judgment in the Second District Court of the City of Newark in the sum of $397.58, with costs, on a state of demand containing two counts. The first count alleged that the defendant-appellant appropriated and retained certain liquor and agreed to pay the reasonable value thereof in the sum of $676.78, and caused to be paid on account thereof the sum of $305. The second count seeks to set up a cause of action on the theory that defendant-appellant ratified and confirmed the act of its agent in receiving and retaining the liquor referred to in the first count and that by reason thereof defendant should be estopped from denying the authorization of said agent.

The state of demand alleges and it is conceded that defendant-appellant is a limited partnership association as provided in *N. J. S. A.* 42:3–1, *et seq.*

Several grounds for reversal are set up by appellant and are argued. We deem it necessary, however, to deal with only one of the grounds submitted. *N. J. S. A.* 42:3–5 provides:

"No debt shall be contracted, or liability incurred for a limited partnership association, except by one or more of its managers, and no liability for an amount exceeding five hundred dollars, except against the person incurring it, shall bind the association, unless reduced to writing and signed by at least two managers."

Admittedly, in this case, there was a debt or liability exceeding $500. The plaintiff's witness testified: "*Q.* Now, Mr. Warner, are you familiar with the value of the merchandise that was delivered to the defendant in this suit? *A.* Oh, that particular order, $676.76." It was conceded and it was the fact that the order was not signed by at least two managers of the association. It appears from the record that delivery slips were signed by one of the managers of the defendant association. Plaintiff seeks to circumvent the

plain provision of the statute by asserting that defendant association rendered itself liable by retaining the goods delivered to one of its managers. The statute provides that "no liability for an amount exceeding five hundred dollars, except against the person incurring it, shall bind the association unless reduced to writing and signed by at least two managers." To permit recovery in this case would be to set at naught the statute and find the defendant with a liability not incurred in accordance with the statute. *Krichman* v. *Van Velsor Co., Ltd.,* 127 *N. J. L.* 533.

The judgment is reversed, with costs.